IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                               CIVIL ACTION NO. 5:08-HC-2070-FA

GARY LANGE,

    Respondent.

## ORDER

This case comes before the court on respondent's motion to dismiss (Doc. # 56). Respondent seeks dismissal of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded (Doc. ## 57, 58) and opposes the motion. The issues are ripe for ruling.

Citing a subsequently reversed ruling of this court in another § 4248 case, respondent asserts that § 4248 violates the constitutional guarantee of equal protection because it uses one's status as a federal prisoner to control whether a person may be subject to civil commitment proceedings. The Fourth Circuit specifically rejected this argument. <u>United States v. Timms</u>, 664 F.3d 436, 449 (4th Cir. 2012). Accordingly, respondent's equal protection challenge is without merit.

Again citing the now reversed district court ruling in <u>Timms</u>, respondent contends that the timing of the government's certification commencing this action, the filing of it in this district, and the delay in a hearing on the merits constitute a

violation of due process.  The government filed the certification commencing this commitment action on May 19, 2008, two days before respondent was projected to be released from criminal confinement.  (See Doc. # 1-2 at 1 ¶ 2).  The filing of the certification stayed respondent's release pending the completion of § 4248 proceedings.  See 18 U.S.C. § 4248(a).

On May 20, 2008, the court ordered the case to be held in abeyance pending the appellate litigation in five consolidated cases where the court found § 4248 unconstitutional.  See Order (Doc. # 2); see also United States v. Comstock, 507 F. Supp. 2d 522 (E.D.N.C. 2007), aff'd, 551 F.3d 274 (4th Cir. 2009), rev'd in part, 130 S. Ct. 1949 (2010), on remand, rev'g dist. ct., 627 F.3d 513 (4th Cir. 2010).  On May 17, 2010, the Supreme Court ruled that Congress did not exceed its constitutional authority when it enacted § 4248, but the high court remanded the case to the Fourth Circuit for further proceedings.  Comstock, 130 S. Ct. at 1965.  After the Supreme Court ruling, this court lifted the stay in this case on June 14, 2010.  (Doc. # 10).  On December 6, 2010, the Fourth Circuit further upheld the constitutionality of § 4248.  Comstock, 627 F.3d at 524-25.

In light of the Fourth Circuit ruling and the extensive § 4248 caseload in this district, the court entered an order staggering the discovery process for § 4248 cases which had not yet commenced discovery.  (Doc. # 28).  Accordingly, discovery in

2

this case commenced on April 1, 2011. (See Doc. # 30). Pursuant to paragraph 4 of Standing Order 10-SO-1, discovery closed in October 2011, but the court allowed subsequent depositions requested by respondent. (See Doc. # 61). On March 28, 2012, the court set the commitment hearing to commence April 16, 2012 (Doc. # 62), but the court granted the parties' joint motion for continuance (Doc. # 64). On April 25, 2012, the court set the commitment hearing to commence on July 31, 2012 (minute entry after Doc. # 66), but the court granted respondent's motion for continuance (Doc. # 70). On June 1, 2012, the court scheduled the commitment hearing for its current setting of September 11, 2012 (Doc. # 72)

Under these circumstances, the duration of pre-trial proceedings was reasonable. Although the government certified respondent in close proximity to his expected release date, an earlier certification would not have led to an earlier resolution of the ongoing judicial review of the constitutionality of the statute. See Timms, 664 F.3d at 453 n.14. The government's choice to file the certification in the Eastern District of North Carolina was legally permissible, despite the stay of all § 4248 cases in this district at the time. See id. at 453. Furthermore, even if the delay constituted a due process violation, "the proper remedy would not be release, but to conduct the hearing and adjudicate whether he is a 'sexually

3

dangerous person' under the statute." Id. at 455 n.19. The commitment hearing will proceed as scheduled on September 11, 2012.

Respondent next contends that the phrase "sexually dangerous to others" is unconstitutionally vague. The First Circuit Court of Appeals addressed a similar vagueness challenge to the statutory language defining this phrase. See 18 U.S.C. § 4247(a)(5) and (6); United States v. Carta, 592 F.3d 34, 43 (1st Cir. 2010). Specifically, the court examined the phrase, "serious difficulty in refraining from sexually violent conduct." Carta, 592 F.3d at 43. The court held, "These terms are sufficiently explicit to give notice and prevent arbitrary enforcement, and the present statute also passes muster." Id. Accordingly, respondent's vagueness challenge fails.

Finally, respondent asserts that § 4248 is criminal rather than civil in nature and that he should be afforded the same constitutional protections afforded in a criminal proceeding. The Fourth Circuit held in Timms, 664 F.3d at 456, that § 4248 commitment actions are civil proceedings. Therefore, respondent's argument for application of constitutional protections afforded to criminal defendants is misplaced. "A statute that has been 'found to be civil, cannot be deemed punitive "as applied" to a single individual in violation of the Double Jeopardy and Ex Post Facto Clauses and provide cause for

4

release.' . . . Moreover, release from confinement is not a remedy available for an Eighth Amendment conditions of confinement claim." Hunt v. Johns, No. 5:10-HC-2176-FL, Slip Copy, 2011 WL 3664553, at *2 (E.D.N.C. Aug. 18, 2011) (quoting Seling v. Young, 531 U.S. 250, 267 (2001)).

For all of the foregoing reasons, respondent's motion to dismiss (Doc. # 56) is **DENIED**.

IT IS SO ORDERED this 7th day of September, 2012.

ENTER:

David A. Faber
Senior United States District Judge