IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                         CIVIL ACTION NO. 5:08-HC-2070-FA

GARY LANGE,

    Respondent.

## ORDER

This case comes before the court on respondent's first motion in limine. (Doc. # 79). Respondent's first motion in limine seeks to exclude any reference to two incidents alleged to have occurred at FCI Oxford in 1994 and FCI Perkins in 2005 respectively. Id. Prison officials investigated both incidents. Id. According to petitioner, however, no incident report was filed and no wrongdoing was found. Id.

### First Motion in Limine

Rule 402 of the Federal Rules of Evidence allows only relevant evidence to be admitted. Fed. R. Evid. 402. Evidence is relevant if (1) the evidence "has any tendency to make a fact more or less probable. . . ." and (2) the fact to be proven "is of consequence in determining the action." Fed. R. Evid. 401. However, if evidence's relevance depends on another fact's existence, the party seeking to admit the evidence must

introduce proof "sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b).

Respondent argues that both incidents should be excluded because the "unreliability of whether the incidents actually happened" makes evidence of both incidents irrelevant. (Doc. # 79, p. 2). However, petitioner's relevancy objection hangs only on the possibility that the FCI Oxford and FCI Perkins incidents did not occur. Given that the petitioner gives no further detail about the alleged incidents, the court must assume that the two incidents would be relevant if proven that they occurred. In other words, the alleged FCI Oxford and FCI Perkins are conditionally relevant to determining issues in the instant civil commitment proceeding, assuming they can be proven.

In light of respondent's reasoning, the court finds that ruling on the relevance of the two incidents is premature because petitioners should be afforded an opportunity to provide evidence "sufficient to support a finding" that the incidents actually occurred. Fed. R. Evid. 104(b). Only then can the court determine the alleged incidents' relevance for purposes of Rule 402.

Accordingly, the court **DENIES** respondent's first motion in limine (Doc. # 79).

**IT IS SO ORDERED** this 7th day of September, 2012.

ENTER:

David A. Faber
Senior United States District Judge